UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RAYMOND D. McCOY, | ) |
| Petitioner, | ) Case No. C10-957-MJP-BAT |
| v. | ) **REPORT AND RECOMMENDATION** |
| PAT GLEBE, | ) |
| Respondent. | ) |

Petitioner Raymond D. McCoy, proceeding *pro se* and *in forma pauperis*, petitions for 28 U.S.C. § 2254 habeas relief from his Washington state court convictions for violation of the Uniform Controlled Substance Act and three counts of first-degree robbery. (Dkt. 6.) Respondent moves to dismiss because petitioner had a full and fair opportunity to litigate his two Fourth Amendment claims in state court, as evidenced by his own factual concessions and the state-court record, which means that *Stone v. Powell*, 428 U.S. 465 (1976), precludes a federal court from enforcing the exclusionary rule through a writ of habeas corpus. (Dkts. 15, 16.) Respondent is correct. The Court recommends **GRANTING** respondent's motion to dismiss (Dkt. 15) because review of Mr. McCoy's habeas claims is precluded by *Stone v. Powell*, and **DISMISSING** the habeas petition with prejudice. The Court also recommends **GRANTING** respondent's motion to expand the record to include documents from petitioner's state Personal

REPORT AND RECOMMENDATION - 1

Restraint Petition ("PRP") (Dkt. 16); and **DENYING** as moot petitioner's motions to stay proceedings, to expand the record, and to strike and to compel disclosure (Dkts. 18, 19, 21). There is no need for an evidentiary because the relevant facts are not in dispute. The Court recommends **DENYING** issuance of a certificate of appealability.

**BACKGROUND**

Mr. McCoy's federal habeas claims are as follows: (1) "Petition[er]'s [rights under the] Fourth and Fourteenth Amendment[s] to the U.S. Constitution were violated by the knowingly and intentionally submitting of False Statement and Oath and Affirmation by a State Agent, to-wit, Seattle Police Officer Martin J. Harris #6336 in an arrest affidavit" (Dkt. 6, at 7); and (2) "Petitioner's [rights under the] Fourth and Fourteenth Amendment[s] to the U.S. Constitution were violated by the Pretextual Arrest and Conviction by the King County Superior Court's Judiciary Process of the State of Washington" (Dkt. 6, at 9). Petitioner asserts that he raised these precise claims in a state PRP, filed on February 13, 2008. (Dkt. 7, at 5, 8, 9.) That factual assertion is supported by a review of Mr. McCoy's state PRP, the content and authenticity of which are unchallenged.[1] (Dkt. 16-1, at 7.) The Washington Court of Appeals denied that PRP on the merits in July 2010. (Dkt. 15-1, at 19.) Mr. McCoy's motion for discretionary review of that decision remains pending before the Washington Supreme Court. (Dkt. 6, at 18; Dkt. 15, at 2; Dkt. 15-1, at 21.)

Respondent moves to dismiss because Mr. McCoy asserts violations of his rights under the Fourth Amendment, made applicable to the states through the Fourteenth Amendment, and *Stone*

---

[1] Apparently Mr. McCoy first attempted to suppress the evidence at issue in his federal habeas petition through a *pro se* motion to suppress filed during his state criminal trial. (Dkt. 16-1, at 34–35.) Mr. McCoy does not challenge the authenticity of his handwritten trial motion and, in fact, seeks to expand the record in federal court to include additional state-court documents. (Dkt. 21.)

REPORT AND RECOMMENDATION - 2

*v. Powell*, 428 U.S. 465 (1976), precludes a federal court from enforcing the exclusionary rule through writs of habeas corpus.  (Dkt. 15.)  In support of his motion to dismiss, respondent moves to expand the record to include records filed in Mr. McCoy's state-court PRP proceedings.  (Dkt. 16.)  Mr. McCoy moves to stay proceeding until his state-court remedies are exhausted (Dkt. 18), to expand the record to include state-court records that would assist the Court in considering his claims on the merits (Dkt. 19), and to strike respondent's motion to dismiss and to compel disclosure of more than the limited documents thus far filed in federal court (Dkt. 21).

## DISCUSSION

Fourth Amendment claims are not cognizable on collateral review so long as the defendant has a "full and fair" opportunity to litigate the claim in state court.  *See Stone v. Powell*, 428 U.S. 465, 494 (1976).  This is so because primary justification for the exclusionary rule is to deter Fourth Amendment violations by law enforcement personnel rather than "to redress the injury to the privacy of the victim of the search or seizure, for any '[r]eparation comes too late.'"  *Id.* at 486 (quoting *Linkletter v. Walker*, 381 U.S. 618, 637 (1965)).  The called-for inquiry is whether the petitioner had the opportunity to litigate his claim, not whether he did or even whether the claim was correctly decided.  *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 899 (9th Cir. 1996) (citing *Gordon v. Duran*, 895 F.2d 610, 613 (9th Cir. 1990)); *Locks v. Sumner*, 703 F.2d 403, 408 (9th Cir. 1983).  The existence of a state procedure allowing for the opportunity for full and fair litigation of Fourth Amendment claims alone bars federal habeas corpus consideration of those claims.  *See Gordon*, 895 F.2d at 613–14 (holding that the determinative factor for the court was that California law allowed for motion to suppress evidence, not whether defendant litigated upon such grounds).  A petitioner must demonstrate that the state courts have not afforded him a

REPORT AND RECOMMENDATION - 3

full and fair opportunity to litigate his Fourth Amendment claims.  *Woolery v. Arave*, 8 F.3d 1325, 1328 (9th Cir. 1993).  The prudential bar is so strong that, absent petitioner making such a showing, a federal court must *sua sponte* apply *Stone v. Powell* to bar consideration of a Fourth Amendment claim even when the state fails to raise the issue.  *Woolery v. Arave*, 8 F.3d 1325, 1326 (9th Cir. 1993).

The undisputed record shows that the state offered Mr. McCoy an opportunity to fully and fairly litigate the Fourth Amendment claims he now brings in his present habeas petition.  *See* Wash. Crim. R. 3.6 (suppression hearings); (Dkt. 16-1, at 7 (Mr. McCoy's PRP), 34–35 (Mr. McCoy's *pro se* motion to suppress, filed in trial court on Apr. 7, 2006, in which he cites to Wash. Crim. R. 3.6)).  Although Mr. McCoy argues to the contrary based on his disagreement with the results of state-court procedures, there is no question that he not only received an *opportunity* to litigate his Fourth Amendment claims, he actually did litigate these claims at trial and in a state PRP.  Pursuant to *State v. Stone*, Mr. McCoy may not be granted federal habeas relief on his two Fourth Amendment claims that evidence obtained in an unconstitutional search or seizure was introduced at trial.  As that disposes of all his habeas claims, the Court recommends that his habeas petition be dismissed with prejudice.

The Court need not conduct an evidentiary hearing because the relevant facts are undisputed.  *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) ("[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing.").  The Court recommends granting respondent's motion to expand the record because the authenticity and content of the attached documents are unchallenged and consist entirely of state-court records.  (Dkt. 16.)  The Court recommends denying as moot Mr. McCoy's other motions.  (Dkts. 18, 19, 21.)  The Court recommends

REPORT AND RECOMMENDATION - 4

1    **DENYING** issuance of a certificate of appealability ("COA") because no juror of reason would

2    disagree with the application of *Stone v. Powell* under these circumstances and Mr. McCoy's

3    issues do not deserve encouragement to proceed further.  *See Miller-El v. Cockrell*, 537 U.S.

4    322, 327 (2003).  Mr. McCoy should address whether a COA should be issued in his written

5    objections, if any, to this Report and Recommendation.

## CONCLUSION

The Court recommends **GRANTING** respondent's motion to dismiss (Dkt. 15) because review of Mr. McCoy's habeas claims is precluded by *Stone v. Powell*, and **DISMISSING** the habeas petition with prejudice.  The Court also recommends **GRANTING** respondent's motion to expand the record to include documents from petitioner's state Personal Restraint Petition ("PRP") (Dkt. 16); and **DENYING** as moot petitioner's motions to stay proceedings, to expand the record, and to strike and to compel disclosure (Dkts. 18, 19, 21).  There is no need for an evidentiary because the relevant facts are not in dispute.  The Court recommends **DENYING** issuance of a certificate of appealability.

DATED this 21st day of October, 2010.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5